UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREEN TREE SERVICING LLC, | Case No. 2:15-CV-725 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| VALENCIA MANAGEMENT LLC SERIES 4, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Green Tree Servicing LLC's ("GTS") motion for summary judgment. (ECF No. 93). Defendants Valencia Management LLC Series 4 ("Valencia") and Silverado Court Landscape Maintenance Association ("the HOA") filed responses (ECF Nos. 95, 96), and plaintiff filed a reply (ECF No. 104).

Also before the court is defendant HOA's motion for summary judgment. (ECF No. 103). Plaintiff filed a response (ECF No. 105), to which the HOA replied (ECF No. 115).

**I.     Introduction**

This action involves the parties' interests in real property located at 10784 Teton Village Court, Henderson, Nevada, 89052 ("the property"). (ECF No. 8).

*a. Plaintiff's interest in the property*

On October 5, 2004, Susanna Mizrahi obtained a loan from Republic Mortgage LLC ("RM") for $260,800 to purchase the property. *Id.* The loan was evidenced by a note and secured by a deed of trust. *Id.* Also on October 5, 2004, Mizrahi obtained a second loan for $63,600 from RM which was secured by a deed of trust encumbering the property. *Id.* On October 27, 2004, Mizrahi obtained title to the property via a grant, bargain, and sale deed, recorded on that date. *Id.*

James C. Mahan
U.S. District Judge

The deed of trust, recorded on October 27, 2004, listed RM as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary solely as nominee for the lender and the lender's successors and assigns. (ECF No. 53-1).

On December 1, 2004, Federal National Mortgage Association ("Fannie Mae") obtained a property interest in the deed of trust.[1] (ECF No. 93-2).

On May 22, 2012, MERS recorded a corporation assignment of deed of trust to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("BAC"). *Id.*

On May 1, 2013, plaintiff began servicing the loan on behalf of Fannie Mae. *Id.* On July 30, 2013, Bank of America, N.A. (successor by merger to BAC) recorded an assignment of deed of trust to plaintiff. *Id.* Plaintiff is the current beneficiary on the deed of trust and servicer of the loan. *Id.*

   *b. Defendants' interest in the property*

On April 23, 2010, Red Rock Financial Services ("RRFS"), on behalf of the HOA, recorded a lien for delinquent assessments, asserting an outstanding amount owed of $666. *Id.* On June 28, 2010, RRFS recorded a notice of default and election to sell. *Id.*

On August 13, 2013, RRFS recorded a notice of foreclosure sale, setting a sale date of February 2, 2013 and listing an amount owed of $3,222.01. *Id.* On September 10, 2013, the HOA allegedly foreclosed against the property. *Id.* Valencia was the purchaser at the foreclosure sale, and paid $16,200 for the property. *Id.*

   *c. Plaintiff's complaint*

Plaintiff challenges defendants' conduct surrounding the September 10, 2013, HOA foreclosure sale and seeks to preserve its pre-sale interest in the property. *Id.* Plaintiff alleges the following relevant causes of action against the HOA: (1) quiet title; (2) declaratory relief; and (3) negligent misrepresentation.[2] *Id.*

---

[1] Fannie Mae maintained its property interest through the date of the alleged foreclosure sale on September 10, 2013. (ECF No. 93-2).

[2] Plaintiff's complaint also alleges "unconstitutional statute" against all defendants. (ECF No. 8). As plaintiff's motion for summary judgment focuses on its quiet title and declaratory relief claims, and defendant's motion also considers the negligent misrepresentation claim, but neither

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

---

motion discusses the claim for "unconstitutional statute," the court will not address the claim for "unconstitutional statute."

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. Discussion

#### a. Quiet title and declaratory relief claims

In the instant motion, plaintiff argues that summary judgment in its favor is proper as to its claims for declaratory relief and quiet title because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 93).[3]

Defendants raise numerous arguments in response to plaintiff's motion and in support of defendant Valencia's motion for summary judgment. Defendant Valencia argues that the federal foreclosure bar does not invalidate HOA lien foreclosure sales, that plaintiff lacks standing to invoke the federal foreclosure bar, and that "[t]he Protections of 12 U.S.C. § 4617(j)(3) Have Been Waived." (ECF No. 95). Valencia further argues that Fannie Mae's interest was unprotected at the time of the foreclosure sale as it was not recorded and that Fannie Mae waived. *Id.* Valencia objects to plaintiff's request for judicial notice insofar as it supports plaintiff's motion for summary judgment. *Id.* Valencia also disputes plaintiff's due process arguments on legal and factual grounds.[4] *Id.* As to plaintiff's negligent misrepresentation claim, Valencia asserts that plaintiff's complaint fails to properly allege a claim for negligent misrepresentation.

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq.* In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of

---

[3] The court does not construe plaintiff's motion as requesting judgment on its claims for negligent misrepresentation and "unconstitutional statute," as it does not adequately discuss either cause of action in its motion. *See* (ECF No. 93).

[4] This argument is the primary crux of defendant HOA's response to plaintiff's motion for summary judgment. (ECF No. 96). The HOA also argues that NRS 116 contains no commercial reasonability requirement, but assuming it does then the foreclosure sale in this case was commercially reasonable. *Id.*

reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Fannie Mae acquired interest in the property on December 1, 2004. Pursuant to § 4617(b)(2)(A)(i), FHFA, upon its appointment as conservator, immediately succeeded to all rights, titles, powers, and privileges of Fannie Mae. See 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for Fannie Mae prior to the HOA foreclosure sale on February 2, 2013.

FHFA did not consent to the extinguishment of plaintiff's property interest through the HOA foreclosure sale. As the Ninth Circuit held in *Berezovsky*, "[t]he Federal Foreclosure Bar does not require the Agency to actively resist foreclosure. Rather, the statutory language cloaks

agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." 869 F.3d at 929. Thus, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust when, as here, FHFA did not affirmatively consent to foreclosure.

Plaintiff, as a servicer of a Fannie Mae loan, is entitled to argue that 12 U.S.C. § 4617(j)(3) preempts a HOA foreclosure sale from extinguishing a deed of trust owned by Fannie Mae. The Ninth Circuit recently addressed this question in *Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 Fed. Appx. 658, 2017 WL 4712396 (9th Cir. Oct. 20, 2017). The court held that a loan servicer of Fannie Mae "acts as [its] agent, and has standing to assert a claim of federal preemption." *Id.* at 659; *see also Nationstar Mortgage, LLC v. SFR Invs. Pool 1, LLC*, no. 69400, 133 Nev. Adv. Op. 34, 2017 WL 2709806 (Nev. June 22, 2017). Therefore, plaintiff in this case can assert that 12 U.S.C. § 4617(j)(3) prohibits a HOA foreclosure sale from extinguishing its interest in a deed of trust held in favor of Fannie Mae. *See Flagstar*, 699 Fed. Appx. at 659.

Defendant Valencia objects to plaintiff's request for judicial notice insofar as it supports plaintiff's motion for summary judgment. (ECF No. 95). The *Berezovsky* decision is again instructive. In *Berezovsky*, the court held that Fannie Mae's business records regarding the loan's servicing and acquisition history, along with a declaration explaining the records, adequately evinced Fannie Mae's property interest. 869 F.3d at 932–33. The court upheld summary judgment in favor of Fannie Mae based on these noticed records and based on the Guide defining the servicing relationship between Fannie Mae and its servicers. *Id.* at 933.

Here, plaintiff requested judicial notice of Fannie Mae's business records regarding loan servicing and acquisition history, accompanied by a supporting declaration. *See* (ECF No. 93 at 8) (request for judicial notice); (ECF No. 93-2) (business records and supporting declaration). Further, plaintiff offered the Guide describing the servicing relationship between Fannie Mae and its servicers. (ECF No. 53-4). Under *Berezovsky*, the court may consider these records as evidence when considering the parties' motions for summary judgment. *See* 869 F.3d at 932–33. Further, similarly to the appellant in *Berezovsky*, defendant here provides no evidence to contradict

James C. Mahan
U.S. District Judge

- 6 -

plaintiff's offered documents. *Cf. id.* at 933 ("Berezovsky points to no evidence before the district court that created a material dispute regarding the legal import of Freddie Mac's exhibits concerning its interest in the property.").

Fannie Mae obtained its interest in the property prior to the alleged HOA foreclosure sale. As Fannie Mae was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, Fannie Mae's (and, by extension, plaintiff's) interest in the property survived the alleged foreclosure. Plaintiff is entitled to summary judgment on its quiet title and declaratory relief claims.

As the court holds summary judgment in favor of plaintiff as to its claims for quiet title and declaratory relief is appropriate, the court will deny defendant's motion for summary judgment as to these claims.

   *b. Negligent misrepresentation and unconstitutional statute claims*

Defendant moved for summary judgment on plaintiff's claim for negligent misrepresentation. Defendant argues that a negligent misrepresentation cause of action arises only when an outside third party relies on a statement made by one of two parties in privity. (ECF No. 103). Plaintiff responds that defendant is liable for statements made by its agent, RRFS, and that a genuine dispute of material fact exists as to whether plaintiff relied on allegedly negligent misrepresentations made by RRFS in its foreclosure notice documents. (ECF No. 105).

Nevada defines the tort of negligent misrepresentation as,

> (1) One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Barmettler v. Reno Air, Inc.*, 114 Nev. 441 (1998) (citing *Bill Stremmel Motors, Inc. v. First Nat'l Bank of Nev.*, 94 Nev. 131, 134 (1978)).

Two of defendant's citations support the theory that a third party can sue for the tort of negligent misrepresentation. *See Bill Stremmel*, 94 Nev. at 134 (holding that a bank could sue a car dealer for negligent misrepresentation when the dealer provided an incorrect dealer report to its customer and the bank relied on the report); *Eikelberger v. Rogers*, 92 Nev. 282 (1979) (holding

that a claim brought by a third party who allegedly suffered damages as a result of an accountant's advice to his client could sue for negligent misrepresentation). However, they do not establish that the plaintiff *must* be a third-party in order to successfully allege a cause of action for negligent misrepresentation.

Here, genuine disputes of material fact exist as to the issues of falsity, reliance, justification, and reasonable care. Therefore, the court will deny defendant's motion for summary judgment on plaintiff's claim for negligent misrepresentation. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Neither party has adequately briefed plaintiff's claim for "unconstitutional statute." Therefore, the court will not consider the claim in the instant order.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 93) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 103) be, and the same hereby is, DENIED.

DATED January 22, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -